IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA, NEBRASKA

| | | |
|---|---|---|
| JUSTIN G. PARMENTER, | ) | Case No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND REQUEST FOR** |
| vs. | ) | **JURY TRIAL AT OMAHA,** |
| | ) | **NEBRASKA** |
| UNION PACIFIC RAILROAD COMPANY, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Justin G. Parmenter, by and through his attorney, James L. Cox, Jr., of Brent Coon & Associates, PC, and by way of claim against Defendant alleges, avers and states:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a Delaware corporation, was and is now a duly-organized and existing corporation doing business in the States of California, Nebraska, and other states, with its principal place of business in Omaha, Nebraska.

2. Defendant was at all times herein mentioned and is now engaged in the business of a common carrier by railroad in interstate commerce in California, Nebraska, and other states.

3. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly affected said interstate commerce.

4. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et seq.* ("The Federal Employers' Liability Act"), regulations promulgated under the

authority of those sections, and other federal safety laws.

6. Under the terms of the Federal Employers' Liability Act, and *BNSF v. Tyrell*, 137 S.Ct. 1549 (2017), this court has jurisdiction.

7. This claim is filed timely pursuant to 45 U.S.C. § 56.

## **FIRST CLAIM FOR RELIEF**
45 U.S.C. § 51-60, *et seq.*

8. Plaintiff incorporates herein Paragraphs 1-7 of GENERAL ALLEGATIONS.

9. On February 3, 2020 at about 5:00 a.m., Plaintiff was employed by Defendant as a crawler operator working near Martinez, California (UP Milepost 30.11).

10. On that date and at that location, Plaintiff was using a "porta john" provided to the gang by Defendant.

11. As Plaintiff was standing buckling his belt after using the toilet, the "porta john" moved suddenly, causing Plaintiff to fall.

12. In the fall Plaintiff injured his back.

13. When Plaintiff was able to get out of the "porta john," he saw a track hoe close to the porta john.

14. Plaintiff learned that the track hoe had struck the porta john, causing it to move.

15. At the time and place of the subject injury, and before, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a) the duty to investigate, implement, and institute reasonably safe methods and procedures for the operation of the track hoe;

    (b)    the duty to provide its employees with safe tools and equipment with which to work;

    (c)    the duty to comply with FRA regulations, OSHA regulations, and its own Engineering Instructions and Safety Rules relating to operation of machines used in the maintenance and repair of railroad track; and

    (d)    the duty to operate the track hoe safely, in compliance with rules and regulations in effect at the time of Plaintiff's injury.

16. In this incident, as a result of Defendant's breach of the duties enumerated above, Plaintiff suffered injuries to his back.

17. Defendant, through its agents, servants, and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries enumerated above.

18. Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

19. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

20. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

21. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in

the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

22. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained past physical pain and mental suffering, mental anguish, and impairment of self-esteem, and in the future will sustain pain and suffering, mental anguish, and impairment of self-esteem.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 26th day of February, 2021.

    s/James L. Cox, Jr.
James L. Cox, Jr., Nebraska Bar #20223
Attorney for Plaintiff
BRENT COON & ASSOCIATES, PC
3801 E. Florida Ave., Suite 905
Denver, CO 80210-2500
Telephone: (303) 756-3243
Fax: (303) 756-3595
jim.cox@bcoonlaw.com

Plaintiff's Address:
246 Loup River Rd.
St. Libory, NE 68872